FILED

JUNE 14, 2010
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAICOURRIE FINLEY, PRO SE, | § | |
| TDCJ-CID No. 1354674, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:10-CV-0073 |
| | § | |
| BRAD LIVINGSTON, | § | |
| BRUCE ZELLER, | § | |
| JOHN ADAMS, BENJAMIN GARIEPY, | § | |
| DEBRA DENTON, BONNIE MCKIBBAN, | § | |
| BRIAN CLARK, JOHN JOWERS, | § | |
| RAYMOND SOTO, LEVIN FULLER, | § | |
| COLLIENE WALTZ, JEFFEREY BROWN, | § | |
| KIMBERLY ROWELL, | § | |
| MATTHEW BORUNDA, KIP ADAMS, | § | |
| TIMOTHY KING, JOE PONDER, | § | |
| DARRELL NASH, RICHARD FERNANDES, | § | |
| RALPH FLETCHER, and | § | |
| MELINDA FLETCHER, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff  JAICOURRIE FINLEY, acting pro se and while a prisoner incarcerated in the

Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant

to Title 42, United States Code, section 1983, complaining against the above-referenced

defendants and has been granted permission to proceed in forma pauperis.  Plaintiff responded to

the Court's May 3, 2010, Order to Cure and Findings, Conclusions, and Recommendations by

filing his May 13, 2010 Amended Complaint.

The Court has reviewed plaintiff's amended complaint.  While the very serious nature of the claims plaintiff asserts are noted, review of the specifics of plaintiff's claims show they are fanciful.  Plaintiff was given an opportunity to amend and allege a non-delusional claim.  His amended complaint, however, does not meet that standard.  This case should be dismissed as factually frivolous.

In *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989), the Supreme Court held  that "a complaint, containing as it does both factual allegations and legal  conclusions, is frivolous where it lacks an arguable basis either in law or  fact."  Section 1915(e) also empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992)(speaking of former section 1915(d), since revised); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir.1992).  In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard."  *Denton v. Hernandez*, 504 U.S. at 34, 112 S.Ct. at  1734.  Examples of complaints within the clearly baseless inquiry are those  which describe fanciful, fantastic, or delusional scenarios.  A complaint is  factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible.  The initial assessment of plaintiff's alleged facts must be weighted in plaintiff's favor, *i.e.,* the court must accept as true the facts alleged by  plaintiff unless they rise to the level of the irrational or the wholly  incredible.  *Denton v. Hernandez*, 112 S.Ct. at 1733.  Weighing in plaintiff's favor also means indulging all reasonable inferences in plaintiff's behalf.  *See, Johnson v. Rodriquez*, 943 F.2d 104, 107 (1st Cir.1991).  Therefore, if  plaintiff's alleged facts are not clearly baseless and, if proven, would support a recognized legal theory of recovery, the plaintiff must be given an

opportunity to commence the action.

Plaintiff has reduced the number of defendants from forty-nine to twenty-one, twenty of whom work in Amarillo, Texas.  Plaintiff appears to allege he has been hit in the face with a hammer, punched, sexually assaulted by each defendant and subjected to additional mistreatment, including extortion.  Plaintiff alleges he suffered all these violations due to his having submitted a grievance concerning a sexual assault he alleged had been committed by defendant LIVINGSTON, the Executive Director of the Texas Department of Criminal Justice.

Plaintiff alleges this assault occurred in Dallas.  Indulging all reasonable inferences in plaintiff's favor, it is clear that his claims are irrational and clearly fanciful and delusional.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JAICOURRIE FINLEY be DISMISSED WITH PREJUDICE AS FACTUALLY FRIVOLOUS.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of June 2010.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

10-0073.wpd

4